IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

DENNIS E MALONE                                                             PLAINTIFF

v.                            Civil No. 4:18-cv-4159

LIEUTENANT GOLDEN ADAMS, Captain,
Miller County Detention Center ("MCDC");
OFFICER D. ROGERS, Sergeant MCDC;
And WARDEN JEFFIE WALKER, MCDC                  DEFENDANTS

# **ORDER**

      Before the Court is Defendants' Motion to Dismiss. (ECF No. 22). Plaintiff has not responded and his time to do so has passed. The Court finds the matter ripe for consideration.

      On November 20, 2018, Plaintiff filed this 42 U.S.C. § 1983 action in the Eastern District of Arkansas. (ECF No. 2). On November 27, 2018, the case was transferred to the Western District of Arkansas, Texarkana Division. (ECF No. 4). The following day, the Court issued an order stating, *inter alia*, that Plaintiff is required to immediately inform the Court of any change of address and if he is transferred to another jail or released, he shall have thirty days from the date of transfer or release in which to notify the Court of his new address. The order further informed Plaintiff that failure to inform the Court of an address change would result in dismissal of the case. *Id.* On December 6, 2018, Plaintiff filed an Amended Complaint as directed by the Court. (ECF No. 8).

      On June 24, 2019, Defendants filed the instant Motion to Dismiss, indicating they had been unable to mail correspondence to Plaintiff. (ECF No. 22). Specifically, they state that counsel for Defendants mailed correspondence to Plaintiff's address of record at the Miller County Detention Center on June 3, 2019, and that the letter was returned to counsel's office on June 10, 2019. (ECF

No. 22-1). The returned mail was marked "Return to Sender," "Unable to Forward," and "RTS NOT HERE." *Id.* at p. 4.

On June 24, 2019, the Court entered an order directing Plaintiff to file a Response to the Motion to Dismiss by July 15, 2019. (ECF No. 24). The order was sent to his address of record at the Miller County Detention Center. The order stated that failure to respond by the Court's imposed deadline would result in the case being dismissed. To date, Plaintiff has not responded and the order directing him to respond has not been returned as undeliverable. However, on July 15, 2019, the Clerk of Court contacted the Miller County Detention Center and confirmed that Plaintiff is no longer incarcerated there.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The Local Rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

2

Plaintiff has failed to keep the Court informed of his address and thereby has failed to obey a court order. Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court finds that this case should be dismissed. Accordingly, Defendants' Motion to Dismiss (ECF No. 22) is **GRANTED**. Plaintiff's Amended Complaint (ECF No. 8) is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 19th day of July, 2019.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge